MELINDA HAAG (CABN 132612)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
JAMES A. SCHARF (SBN 152171)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102-3495
    Telephone: 415 436-7264
    Fax: 415 436-6748
    Email: Asimmons@usa.doj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ARMIDA SEGROVE,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | Docket No. C 10-1635 MEJ<br><br>**STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE;** [PROPOSED] **ORDER** |
|---|---|

    It is hereby stipulated by and between the undersigned Plaintiff and the UNITED STATES OF AMERICA, by and through their respective attorneys, as follows:

    WHEREAS, Plaintiff filed the above-captioned action on April 16, 2010;

    WHEREAS, the parties participated in a court-ordered mediation on March 24, 2011, before Eric Danoff, at which this Stipulation for Compromise Settlement and Release was reached.

    WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised in this action, which have transpired prior to the execution of this Settlement Agreement;

    WHEREAS, the parties intend this to be a full, final and complete settlement that

resolves all claims and potential claims that Plaintiff may have arising out of the subject automobile accident of April 1, 2009, including Plaintiff's claims for property damage, personal injury, wage loss, as well as any claim by Plaintiff's spouse or future spouse for loss of consortium.

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. **Agreement to Compromise Claims**. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

2. **Definition of "United States of America."** As used in this Settlement Agreement, the United States of America shall include its current and former agents, servants, employees, and attorneys, as well as United States Postal Service, and/or its current and former agents, servants, employees, and attorneys, including USPS driver Keith Robinson.

3. **Settlement Amount**. The United States of America agrees to pay the sum of _400,000_ dollars ($_400,000_) ("Settlement Amount"), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which Plaintiff or her guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America.

4. **Release**. Plaintiff and her guardians, heirs, executors, administrators or assigns hereby agrees to accept the Settlement Amount in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen

and unforeseen personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and her guardians, heirs, executors, administrators or assigns further agrees to reimburse, indemnify and hold harmless the United States of America from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or her guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for loss of consortium or wrongful death.

5. **Dismissal of Action**. In consideration of the payment of the Settlement Amount and the other terms of this Settlement Agreement, Plaintiff shall immediately upon execution of this Settlement Agreement also execute a Stipulation of Dismissal, a copy of which is attached hereto as Exhibit A. The Stipulation of Dismissal shall dismiss, with prejudice, all claims asserted in this action, or that could have been asserted in this action. The fully executed Stipulation of Dismissal will be held by Defendant's attorney and will be filed within five (5) business days of receipt by Plaintiff's attorney of the Settlement Amount.

6. **No Admission of Liability**. This stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, and it is specifically denied that it are liable to the Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

7. **Parties Bear Their Own Costs**. It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorney's fees owed by the Plaintiff will be paid out of the settlement amount and not in addition thereto.

8. **Attorney's Fees**. It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection

with this action shall not exceed 25 per centum of the amount of the compromise settlement.

9. **Authority**. The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

10. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff having been apprized of the statutory language of Civil Code Section 1542 by his [her] attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he/she may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's injury and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

11. **Payment by Check**. Payment of the settlement amount will be made by check drawn on the Treasury of the United States for 400,000 dollars ($400,000) and made payable to Armida Segrove, Plaintiff, and Stephen J. Gorog and Kenneth L. Valinoti, Plaintiff's attorneys. The check will be mailed to Plaintiffs' attorneys at the following address: Law Office of Stephen J. Gorog, 180 Montgomery Street, Suite 940, San Francisco, California 94104. Plaintiff's attorneys agree to distribute the settlement proceeds to the Plaintiff. Plaintiff and his attorney have been informed that payment of the Settlement Amount may take sixty (60) days or more from the date that the Court "so orders" this Agreement to process.

12. **Tax Liability.** If any withholding or income tax liability is imposed upon Plaintiff ~~or Plaintiff's counsel~~ based on payment of the Settlement Amount, Plaintiff ~~or Plaintiff's counsel~~ shall be solely responsible for paying any such determined liability from any government agency. Nothing in this Settlement Agreement constitutes an agreement by the

United States of America concerning the characterization of the Settlement Amount for the purposes of the Internal Revenue Code, Title 26 of the United States Code.

13. **Construction**. Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Settlement Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Settlement Agreement and the legal consequences thereof. For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Settlement Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

14. **Severability**. If any provision of this Settlement Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

15. **Integration**. This instrument shall constitute the entire Settlement Agreement between the parties, and it is expressly understood and agreed that the Settlement Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Settlement Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Settlement Agreement. This Settlement Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

16. **Liens**. Plaintiff is responsible for satisfying any and all outstanding liens relating to Plaintiff's medical treatment arising out of the subject matter of this action. Plaintiff shall indemnify and hold harmless Defendant from any liability Defendant may incur from any lien claimant arising out of any failure by plaintiff to satisfy the outstanding liens.

DATED: March 24, 2011                 _____
                                        Plaintiff

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE
No. C 10-1635 MEJ                              5

1
2  DATED: March 24, 2011
3                                                      _____
                                                       Plaintiff's Attorney
4  DATED: March 24, 2011
                                                       _____
5                                                      Plaintiff's Attorney

6  DATED: March 24, 2011
                                                       _____
7                                                      Assistant United States Attorney
                                                       Attorney for Defendant
8
        PURSUANT TO STIPULATION, IT IS SO ORDERED.
9
           April 6, 2011
10  Dated: _____
                                                       _____
11                                                     HON. MARIA-ELENA JAMES
                                                       United States District Court Magistrate Judge
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE
No. C 10-1635 MEJ                                      6